UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT THOMPSON                                             CIVIL ACTION

VERSUS                                                       NO. 2:21-CV-02041

LIFE INSURANCE COMPANY OF NORTH AMERICA

## COMPLAINT

The Complaint of Vincent Thompson respectfully alleges:

1. This is a claim for ERISA short term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Vincent Thompson**, of lawful age and a resident of Myrtle Beach, South Carolina, is a plan participant and beneficiary of an ERISA plan created by his employer, Hilton Resorts Corporation and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. **Defendant, Life Insurance Company of North America** ("LINA"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is domiciled in Pennsylvania and its principal place of business is in the state of Pennsylvania.

5. LINA issued a group policy insuring the employees of Hilton Resorts Corporation. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by LINA.

9. LINA wrongfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

10. Plaintiff appealed the denial, but LINA upheld its previous decision.

11. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

12. Plaintiff has exhausted his administrative remedies and now files this suit to reverse LINA's denial of benefits.

13. LINA has abused any purported discretionary authority by denying Plaintiff's claim for disability benefits.

14. LINA has abused any purported discretionary authority by failing to consider his medical condition in relation to the actual duties of his occupation.

15. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

16. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

17. Plaintiff has been denied the benefits due to his under the Plan, has suffered and has suffered economic loss as a result.

18. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

19. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, LA 70170
Phone: (504) 582-1286
Fax: (313) 692-5927
Email: rtoledano@willefordlaw.com